■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ROSADO, Appellant. — Judgment of the Supreme Court, Queens County (Lakritz, J.), rendered November 24, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J. P., Gibbons, Gulotta and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHELLE SCHWARTZ, Respondent. — Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Owens, J.), dated March 26, 1982, as granted the branch of defendant's motion which sought to dismiss the second count of the indictment filed against her (charging her with attempted criminal possession of stolen property in the first degree). Order reversed insofar as appealed from, on the law, motion denied as to the second count of the indictment, and said count is reinstated. We find that the evidence submitted to the Grand Jury, "if accepted as true, would establish every element of [the] offense charged [in the second count] and the defendant's commission thereof" (see CPL 70.10, subd 1; 210.20, subd 1, par [b]). The evidence was therefore sufficient to sustain the second count of the indictment (see *People v Warner-Lambert Co.*, 51 NY2d 295, cert den 450 US 1031). Furthermore, the police conduct in this case did not "reveal a brazen and continuing pattern in disregard of fundamental rights" so as to violate defendant's right to due process (see *People v Isaacson*, 44 NY2d 511, 523). The second count of the indictment was therefore improperly dismissed. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.