■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v FRANCISCO ADORNO, Respondent-Appellant.— Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rotker, J.), dated February 10, 1984, as granted that branch of defendant's omnibus motion which was to dismiss the count of the indictment charging murder in the second degree, in violation of Penal Law § 125.25 (2), and cross appeal by defendant from so much of the same order as denied that branch of his omnibus motion which was to dismiss the count of the indictment charging him with manslaughter in the second degree, in violation of Penal Law § 125.15.

Order reversed, insofar as appealed from by the People, on the law, and that branch of defendant's omnibus motion which was to dismiss the murder count denied.

Cross appeal dismissed. No appeal lies from an intermediate order denying a motion to dismiss an indictment or a count thereof (*People v Taylor,* 99 AD2d 820).

The testimony given to the Grand Jury established that defendant, while in the company of the victim and a third person, removed the clip from his gun and aimed it point

blank at the victim. Apparently there was still a bullet in the chamber of the gun because when defendant pulled the trigger, the victim was shot in the chest. She died of the gunshot wound, which penetrated her heart and lung.

Criminal Term dismissed the murder count of the indictment, stating that the proof failed to demonstrate to a prima facie level that defendant's conduct evinced the "depraved indifference to human life" required by Penal Law § 125.25 (2). We disagree.

A motion to dismiss an indictment on the ground of insufficiency will not be granted where the evidence before the Grand Jury was "legally sufficient to establish the offense charged or any lesser included offense" (CPL 210.20 [1] [b]; 210.30; *People v Deitsch,* 97 AD2d 327; *People v Leichtweis,* 59 AD2d 383). The evidence must be viewed in the light most favorable to the People, and "it may be legally sufficient "although it does not even provide "reasonable cause" to believe that the defendant committed the crime charged' (Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 70.10, p 348)" (*People v Warner-Lambert Co.,* 51 NY2d 295, 299, *cert denied* 450 US 1031). The burden of proof is on the defendant, who must make a clear showing of insufficiency (*People v Deitsch, supra,* at p 329). The evidence before the Grand Jury was sufficient to establish that the defendant's act was imminently dangerous, presented a very high risk of death to the victim, and was committed under circumstances which evidenced a depraved indifference to human life (*People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953, 104 S Ct 2159; *see, People v Robinson,* 43 AD2d 963). Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.