■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RALPH GIORDANELLA and CHARLES CUNEO, Respondents.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Brennan, J.), dated July 13, 1984, as granted those branches of defendants' motion which sought to dismiss (1) indictment No. 79/84, charging defendants Cuneo and Giordanella with attempted criminal possession of stolen property in the first degree and falsifying business records in the first and second degrees, (2) indictment No. 80/84 charging defendant Cuneo with attempted criminal possession of stolen property in the second

degree (four counts), attempted criminal possession of stolen property in the third degree, falsifying business records in the first degree (three counts), falsifying business records in the second degree (three counts), and (3) indictment No. 81/84, charging defendant Giordanella with criminal possession of a forged instrument in the second degree (four counts), falsifying business records in the first and second degrees, and attempted criminal possession of stolen property in the third degree.

Order reversed insofar as appealed from on the law, those branches of the motion denied, and indictments reinstated as against defendants Cuneo and Giordanella. The matter is remitted to the Supreme Court, Queens County, for determination of the remaining branches of their omnibus motion.

This case is before us on appeal from an order of Criminal Term which granted those branches of defendants' omnibus motion which sought to dismiss the indictments on the ground that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged or any lesser included offenses (CPL 210.20 [1] [b]). On such a motion, the standard of judicial scrutiny is whether there is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; see, People v Schwartz, 90 AD2d 800). Viewed in a light most favorable to the People (see, People v Warner-Lambert Co., 51 NY2d 295, 299, cert denied 450 US 1031), the evidence was sufficient to sustain the charges against defendants Cuneo and Giordanella. The indictments were therefore improperly dismissed. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.