■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERNEST EDWARD LEGGE, Respondent.—Appeal by the People from so much of an order of the County Court, Dutchess County (Hillery, J.), dated May 30, 1986, as granted those branches of the defendant's omnibus motion which were for dismissal of counts one, two and four of the indictment charging the defendant with the crimes of vehicular manslaughter in the second degree, criminally negligent homicide, and operating a vehicle while under the influence of alcohol, respectively.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendant's omnibus motion which was for dismissal of count four of the indictment, that branch of the motion is denied, count four of the indictment is reinstated, and the matter is remitted to the County Court, Dutchess County, for further proceedings. As so modified, the order is affirmed, insofar as appealed from.

The charges at issue stem from an accident which occurred on August 16, 1985, at approximately 8:15 P.M.. when the defendant, while operating a Ford pickup truck on Route 52 in the Town of East Fishkill, Dutchess County, struck and killed a boy who was riding a bicycle. There apparently were no eyewitnesses to the accident.

The Grand Jury indicted the defendant for (1) vehicular manslaughter in the second degree, (2) criminally negligent homicide, (3) operating a vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (2) (operating a vehicle while having one tenth of 1% or more alcohol in his blood) and (4) operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (3) (driving while intoxicated). Certain branches of the defendant's omnibus motion sought dismissal of the indictment. The County Court granted, *inter alia,* so much of the defendant's omnibus motion as sought dismissal of counts one, two and four of the indictment. The People have appealed from so much of that order as dismissed those counts of the indictment.

The standard of judicial scrutiny on a motion to dismiss an indictment is whether there is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *People v Warner-Lambert Co.,* 51 NY2d 295, 298, *cert denied* 450 US 1031; *People v Giordanella,* 117 AD2d 617). Therefore, a motion to dismiss an indictment will not be granted where the evidence before the Grand Jury was "legally sufficient to establish the offense or any lesser included offense" (CPL 210.20 [1] [b]; *People v Adorno,* 112 AD2d 308; *People v Deitsch,* 97 AD2d 327). Viewing the evidence in a light most favorable to the People as we must *(see, People v Warner-Lambert Co., supra,* at p 299), we conclude that the evidence before the Grand Jury was sufficient to establish that the defendant operated a vehicle while under the influence of alcohol or while in an impaired state which is a lesser included offense of driving while intoxicated *(see, People v Hoag,* 51 NY2d 632, 635; *see generally, People v Cruz,* 48 NY2d 419, *appeal dismissed* 446 US 901; *People v Ottomanelli,* 107 AD2d 212). Accordingly, we modify the order appealed from to the extent of reinstating count four of the indictment.

However, we agree with the County Court that the evidence presented to the Grand Jury was not legally sufficient to support the count of the indictment charging the defendant with criminally negligent homicide in violation of Penal Law § 125.10. Section 125.10 provides that "[a] person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person." In setting forth the definitions of culpable mental states, Penal Law § 15.05 (4) provides that "[a] person acts with criminal negligence * * * when he fails to perceive a substantial and unjustifiable risk

that such result will occur \* \* \* The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." The People sought to prove that the defendant was operating his vehicle to the right of the road markings while in an intoxicated state and his failure to perceive the risk inherent in such conduct constituted criminal negligence. The sole evidence on the issue of whether the initial impact of the defendant's vehicle with the victim's bicycle occurred off the roadway came from a witness whom the People sought to qualify as an accident reconstruction expert. In his first appearance before the Grand Jury, this witness testified that the evidence collected at the accident scene was inconclusive as to whether the point of impact occurred on or off the roadway. Nor could he determine how fast the defendant's vehicle was moving prior to impact. Upon being recalled, the accident reconstruction expert changed his opinion and determined, almost exclusively on the basis of a photograph allegedly taken of a paint chip found at the accident scene, that the accident occurred off the road. The photograph upon which the expert relied was not presented before the Grand Jury and, therefore, was not properly authenticated. Moreover, the expert relied upon a police officer's hearsay statement that the paint chip depicted in the picture matched the defendant's vehicle. We conclude, upon review of the Grand Jury testimony, that the indictment as to count two was based upon incompetent and inadmissible evidence *(see generally,* Richardson, Evidence §§ 137, 200 *et seq.* [Prince 10th ed]). Although the death of the young bicyclist is indeed tragic, there is simply not enough competent evidence to demonstrate that the accident was the result of a gross deviation from the standard of care of a reasonable man. "Criminal liability cannot be predicated upon every careless act merely because [the] carelessness results in another's death" *(People v Lewis,* 53 AD2d 963, 964, citing *People v Haney,* 30 NY2d 328). Our holding with respect to count two, charging criminally negligent homicide requires affirmance of the dismissal of count one charging vehicular manslaughter under Penal Law § 125.12 because criminally negligent homicide is a lesser included offense of vehicular manslaughter. Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.