■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY SCOTT, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Chetta, J.), dated October 16, 1986, as, upon their motion for reargument of the defendant's motion to dismiss the indictment, adhered to so much of its prior determination contained in a prior order of the same court, dated July 1, 1986, as granted those branches of the defendant's motion which were to dismiss counts one and two of indictment Number 1501/86.

Ordered that the order dated October 16, 1986 is reversed insofar as appealed from, on the law, so much of the order dated July 1, 1986 as granted those branches of the defendant's motion which were to dismiss counts one and two of indictment No. 1501/86 is vacated, those branches of the defendant's motion which were to dismiss those counts of the indictment are denied, those counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

In reviewing the evidence adduced before a Grand Jury in order to determine whether it is legally sufficient to support a charge in an indictment, it must be judged in the light most favorable to the People and need only establish a prima facie

case. If that evidence, if unexplained and uncontradicted, would warrant a conviction by a petit jury, the evidence is legally sufficient *(see, People v Jennings,* 69 NY2d 103, 114). In a case dependent upon circumstantial evidence, the reviewing court should only examine the facts in order to determine if there is competent evidence which if accepted as true, would establish every element of the crimes charged and the defendant's commission thereof. That other, innocent inferences could possibly be drawn from the facts is irrelevant at this stage of the proceedings *(see, People v Deegan,* 69 NY2d 976). Finally, on a motion to dismiss an indictment, all questions as to the quality or weight of the proof should be deferred, as this is a matter for the petit jury, and not the Grand Jury *(see, People v Deegan, supra; People v Jennings, supra,* at 115).

Reviewed within the context of the foregoing criteria, there was sufficient evidence adduced before the Grand Jury to support the defendant's indictment upon the charges of burglary in the third degree and criminal mischief in the fourth degree *(see,* Penal Law §§ 140.20, 145.00 [1]). The evidence revealed that defendant was found—without permission or authority—inside an apartment whose door lock and window were broken and from which a television set was missing. In light of the foregoing, we conclude that the court erred in dismissing the counts of burglary in the third degree and criminal mischief in the fourth degree *(see,* Penal Law §§ 140.20, 145.00 [1]).

We further note that it was error for Criminal Term to grant the defendant's motion upon an oral application. A motion to dismiss a charge pursuant to CPL 210.20 (1) must be made in writing *(see,* CPL 210.45 [1]; *People v Lawrence,* 64 NY2d 200, 203, 207; *People v Jack,* 117 AD2d 753). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.