■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AMOS MANDEL, Respondent.—Appeal by the People from so

much of an order of the Supreme Court, Queens County (Chetta, J.), dated April 7, 1987, as dismissed counts one, two, three, four and six of indictment No. 893/87 on the ground that the evidence before the Grand Jury was legally insufficient.

Ordered that the order is reversed insofar as appealed from, on the law, counts one, two, three, four and six of the indictment are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant was charged, *inter alia,* with attempted murder in the second degree and various counts of assault in the first, second and third degrees arising from his firing of a .22 caliber rifle at his father's head after he and his father had argued. The defendant's father was struck in the chin by the shot.

Upon the defendant's motion pursuant, *inter alia,* to CPL 210.20 (1) (b), the Supreme Court, Queens County, dismissed the attempted murder count on the ground that the evidence adduced before the Grand Jury failed to establish that the defendant possessed the intent to kill when he fired the shot. Further, the court also dismissed the various counts of assault in the first and second degrees on the ground that the evidence was insufficient to establish that the defendant's father had sustained the requisite "serious" physical injury. The court, however, specifically declined to dismiss certain lesser included assault counts which charged the defendant with assault resulting in the infliction of "physical" injury *(see,* Penal Law § 120.05 [1]; § 120.00 [1]).

The court was without discretion to dismiss counts of an indictment where, as here, the evidence submitted to the Grand Jury was sufficient to support certain lesser included crimes *(see,* CPL 210.20 [1] [b]; *People v Timmons,* 127 AD2d 806, 807, *lv denied* 69 NY2d 1010; *People v Legge,* 126 AD2d 570; *People v Adorno,* 112 AD2d 308; *see also, People v Mahoney,* 122 AD2d 815, 816, *lv denied* 68 NY2d 1002; *People v Fasano,* 107 AD2d 1052; *People v Fugaro,* 96 AD2d 659; *People v Porter,* 69 AD2d 1007). Moreover, the court impermissibly usurped the role of the Grand Jury by concluding that the evidence was insufficient to permit an inference that the defendant possessed the intent to kill when he fired the shot. The record reveals that, at close quarters, and after arguing with his father, the defendant fired a .22 caliber rifle at his father's head, striking him in the chin. In light of the foregoing, the conclusion reached by the Grand Jury with respect to

the attempted murder count and the existence of the intent to kill element was within the range of permissible inferences to be drawn from the evidence presented *(cf., People v Ballou,* 121 AD2d 861, 862, *lv denied* 68 NY2d 809). Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.