■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD ARMSTRONG, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated February 23, 1988, which granted that branch of the defendant's omnibus motion which was to dismiss an indictment charging him with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Ordered that the order is reversed, on the law, that branch of the defendant's motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The evidence presented to the Grand Jury indicated that when the defendant was approached by an undercover police officer who was posing as a purchaser of narcotics, the defendant stated that he had cocaine for sale and then called to a confederate and instructed her to "give him one", whereupon the confederate handed the officer a quantity of cocaine in return for a sum of "prerecorded buy money". Viewing the evidence in the light most favorable to the prosecution (see, People v Scott, 131 AD2d 893, lv denied 70 NY2d 755; People v Giordanella, 117 AD2d 617), we conclude that it is legally sufficient to establish the offenses charged in the indictment (see generally, CPL 210.20 [1] [b]; People v Jennings, 69 NY2d 103, 114-115; People v Adorno, 112 AD2d 308), as well as the defendant's accessorial liability therefor (see, Penal Law § 20.00; see, e.g., People v Diaz, 112 AD2d 311, lv denied 66 NY2d 614). Accordingly, the court erred in dismissing the indictment on the ground of legally insufficient evidence. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.