■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GUY COOPER and LARNEY HALL, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County (Coffinas, J.), dated December 5, 1988, which dismissed Kings County indictment No. 8310/88 against the respondents.

Ordered that the order is reversed, on the law, the indictment is reinstated against the respondents, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

At issue on appeal is the propriety of an order of the Supreme Court which dismissed the indictment against the defendants, over the objection of the prosecution. The record

reveals that the dismissal was predicated upon an admission made by the codefendant, during his plea allocution, to the effect that the loaded firearms, which formed the basis of the criminal charges, in fact belonged to him. Although the Supreme Court accepted the codefendant's guilty plea, it noted, on the record, that it would restore the indictment against the remaining defendants in the event the codefendant attempted to withdraw or otherwise vacate his guilty plea.

We find merit to the People's contention that the order dismissing the indictment must be reversed. The Supreme Court not only failed to comply with the procedural requirements of providing reasonable notice to the People and setting forth the reasons in support of the dismissal (see, CPL 210.45 [1]; People v Scott, 131 AD2d 893; People v Baez, 118 AD2d 863) but, in addition, none of the grounds enumerated in CPL 210.20 provided a substantive basis for the dismissal in this case. While we recognize that a trial court has the discretionary authority to dismiss an indictment in the interest of justice (see, People v Field, 161 AD2d 660; People v Kelley, 141 AD2d 764; People v Foster, 127 AD2d 684), the compelling circumstances which might warrant such relief do not exist at bar. The mere fact that the codefendant admitted ownership of the loaded firearms did not, in and of itself, preclude the prosecution of the remaining defendants, who were charged under an acting in concert theory and who were also subject to the statutory presumption contained in Penal Law § 265.15 (see, People v Hutchenson, 136 AD2d 737, 738-739). Accordingly, the order dismissing the charges must be reversed and the indictment against the defendants Hall and Cooper reinstated. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.