■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FAINT, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Cowhey, J.), both rendered June 24, 1986, convicting him of burglary in the second degree (two counts; one as to each indictment) upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 AD2d 606). Thompson, J. P., Brown, Balletta and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARKELL LIGGINS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Lakritz, J.), dated January 5, 1990, which granted the defendant's application to dismiss the indictment without leave to the People to re-present the case to another Grand Jury.

Ordered that the order is affirmed.

In determining a motion to dismiss an indictment on the ground of legal insufficiency, the inquiry is whether the evidence, if viewed in the light most favorable to the People and if unexplained and uncontradicted, would warrant conviction by a petit jury *(see, People v Jennings,* 69 NY2d 103; *People v Scott,* 131 AD2d 893). Applying this criteria to the case at bar, we find that the evidence was legally insufficient to support the charges in the indictment or any lesser charge *(see,* CPL 70.10 [1]; 210.20 [1] [b]), and the defendant's application was properly granted. Although the defendant failed to comply with the requirements of CPL 210.45 (1) that the motion be made in writing and upon reasonable notice, the People have failed to preserve the issue for appellate review as there is no indication in the record that the People made a timely objection to the procedure employed *(see, People v Jennings, supra; cf., People v Johnson,* 134 AD2d 284). Thompson, J. P., Brown, Balletta and Miller, JJ., concur.