THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT GRAHAM, Appellant.

Second Department, April 9, 1973.

*Sparrow, Sparrow, Singer & Kirschner* (*Stephen J. Singer* of counsel), for appellant.

*Thomas J. Mackell, District Attorney* (*Thomas A. Duffy* of counsel), for respondent.

CHRIST, J. The defendant was indicted for the crime of reckless endangerment in the first degree and convicted as charged after a jury trial. The indictment alleged that on or about September 11, 1971 the defendant, " under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person, to wit: did fire a shot at Winifred Kelly." The proof upon the trial, virtually undisputed, was as follows: During the course of an argument between the defendant and the complainant in the latter's luncheonette, the defendant pulled a Luger pistol from his waistband, pointed it at the complainant's chest and pulled the trigger. The defendant was not more than two or three feet from the complainant, but the gun did not fire. Ballistics testimony substantially confirmed the defendant's contention that there was no bullet in the chamber and that the safety device was in play. After further argument, the defendant released the safety device, chambered a live cartridge and fired again. This time he was standing two feet from the complainant and, according to his own estimate, held the pistol eight inches from her head and fired to the side of her head. The bullet entered a window behind the complainant. The defendant denied having had any intent to injure the complainant and claimed that he was simply trying to scare her and show her that he meant business.

The defendant's primary claim on this appeal is that, while the proof might have supported a variety of criminal charges, it did not support a conviction for the crime of reckless endangerment. He argues that the crime of reckless endangerment is designed to encompass only those situations where the act is not directed at any specific individual in particular. We disagree.

It is true that the practice commentaries on sections 120.20 and 120.25 of the Penal Law (reckless endangerment in the first and second degrees) in McKinney's Consolidated Laws of New York (Book 39, Penal Law, §§ 1.00 to 219, pp. 218, 219) cite, as examples, cases where the actor's conduct is not directed at any specific person. Thus, there is posited the situation of one who mischievously throws a rock through the window of a dwelling without knowing or caring whether anyone is in the premises near the window at the time; and of one who recklessly shoots off a gun into a crowd without any specific intent to kill or injure. If no injury results, the crime is reckless endangerment in both cases. However, there is nothing in the statutory definition of this crime, in either the first or second degree, which limits its application to acts directed at no one in particular. All that is necessary is the creation of a certain degree of risk " to another person ".

Further support for the proposition that the act here in question falls within the ambit of the reckless endangerment statute is found in the practice commentary on subdivision 2 of section 125.25 of the Penal Law in McKinney's Consolidated Laws of New York (Book 39, Penal Law, §§ 1.00 to 219, pp. 235–236), which defines the crime of murder by reckless conduct. More particularly, that subdivision deals with a person who, " under circumstances evincing a depraved indifference to human life * * * recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person ". It will be noted that the only difference between the crime of murder by reckless conduct and that of reckless endangerment in the first degree is that death actually results in the former while no injury occurs in the latter. The second above-mentioned practice commentary alludes to the fact that the " depraved mind " murder provision of the former Penal Law (§ 1044, subd. 2) spoke of " an act imminently dangerous *to others,*" committed without " a premeditated design to effect the death of *any individual* " (emphasis supplied) and seems to have been construed as applying only where the depraved conduct imperiled the lives of a considerable number of persons

and not just a single person. The revised provision in the present Penal Law, however, is phrased in terms of conduct creating a grave risk of death " to another person "; and, according to the commentary, " clearly covers wantonly reckless behavior addressed to a single individual, as well as to many; as, for example, aiming a pistol shot a foot over a person's head and firing in order to frighten him, but killing him through poor marksmanship " (*id.*, p. 236). The latter example amply demonstrates that the new crime of reckless endangerment was intended to cover the conduct of the defendant in the case at bar. (See, also, *People* v. *Poplis*, 30 N Y 2d 85, where the death of a three-and-a-half-year-old child from the defendant's repeated physical beatings was held to fall within the reckless murder statute.)

Since, in our view, the complainant's own possible movements would raise an element of risk even if, as claimed, the defendant were an expert marksman and the pistol in perfect working order, we have no difficulty in holding that the defendant was correctly found guilty of reckless conduct, under circumstances evincing a depraved indifference to human life, which created a grave risk of death.

We have also considered the defendant's remaining claims upon appeal and find them to be without merit. The judgment should accordingly be affirmed.

RABIN, P. J., HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Judgment of the Supreme Court, Queens County, rendered April 11, 1972, affirmed.