OPINION OF THE COURT
Nicholas A. Clemente, J.
In a three-count indictment filed September 11, 1980, defendant was charged with one count of arson in the second degree and two counts of reckless endangerment in the first degree. The second and third counts, both relating to the same act, charged that the defendant, on August 29, 1980, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person. They differed in that the second count contended that the defendant started a fire in an occupied building, while the third count alleged that the defendant started a fire in a building to which New York City fire fighters responded and entered.
Section 120.25 of the Penal Law provides: “A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person.”
*754 Defendant moves to dismiss the third count of the indictment, arguing that the factual basis of the third count of the indictment is prospective rather than definite in nature, and asserting that an allegation that firemen may respond to a fire cannot form the basis for a charge of reckless endangerment. The issue therefore resolves itself into whether the District Attorney can charge the crime of reckless endangerment where there is a condition subsequent (prospective response of firemen to a fire) necessary to complete the circle of materiality.
This specific issue has not been previously addressed. There has been some discussion as to whether the crime of reckless endangerment applies when the improper act is directed to no one in particular as well as when it is directed to a specific individual. Thus, in People v Graham (41 AD2d 226, 227), the court stated: “It is true that the practice commentaries on sections 120.20 and 120.25 of the Penal Law (reckless endangerment in the first and second degrees) in McKinney’s Consolidated Laws of New York (Book 39, Penal Law, §§ 1.00 to 219, pp. 218, 219) cite, as examples, cases where the actor’s conduct is not directed at any specific person. Thus, there is posited the situation of one who mischievously throws a rock through the window of a dwelling without knowing or caring whether anyone is in the premises near the window at the time; and of one who recklessly shoots off a gun into a crowd without any specific intent to kill or injure. If no injury results, the crime is reckless endangerment in both cases. However, there is nothing in the statutory definition of this crime, in either the first or second degree, which limits its application to acts directed at no one in particular. All that is necessary is the creation of a certain degree of risk ‘to another person’.”
It is thus evident that although one may be guilty of reckless endangerment when the crime is directed toward a specific individual or to no one in particular, the factor common to both circumstances is that the criminal act is directed at someone, known or unknown, who is present at the time the act is committed. The defendant herein, however, is being prosecuted because firemen responded to a fire even though his alleged criminal act was not in any way directed towards firemen.
*755 “ ‘While on the one hand we must not be overly technical in interpreting penal provisions, on the other hand “Penal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate”. (People v Wood, 8 NY2d 48, 51 [1960]; Penal Law, § 21.)’ (17 NY2d at p 306.)” (People v Gottlieb, 36 NY2d 629, 632.)
The People, by indicting for reckless endangerment on the ground that firemen responded to the fire, are effectively declaring that everyone who starts a fire should be charged with reckless endangerment. Such a position, however, is untenable. There is nothing within the reckless endangerment statute indicating that it is to be a catch-all crime for arsonists. Had the Legislature intended such a result, it simply could have defined such a crime for cases where someone starts a fire to which firemen respond. It chose not to do so, and the People should not be permitted to, in effect, legislate a new crime.
CPL 200.50 (subd 7, par [a]) provides: “An indictment must contain: *** 7. A plain and concise factual statement in each count which *** (a) asserts facts supporting every element of the offense charged”.
In my view the assertion that defendant started a fire in a building to which New York City fire fighters responded and entered may include a host of crimes but does not constitute the offense of reckless endangerment in the first degree. The allegations neither satisfy the requirements of CPL 200.50 (subd 7, par [a]) nor the obligation that acts which are to be penally sanctioned fall within the fair scope of a penal statutory provision. “[A]n act does not become a ‘crime’ until the Legislature defines it as such” (People v Johnson, 20 NY2d 220, 225). Therefore, pursuant to CPL 210.20 (subd 1, par [a]) and 210.25 (subd 1), the third count of the indictment must be dismissed as defective.
Accordingly, defendant’s motion to dismiss the third count of the indictment is granted.*

 Defendant’s trial on the other counts ended in an acquittal.