OPINION OF THE COURT
Gloria Goldstein, J.
Defendants have been indicted for the offenses of arson in the third degree, attempted arson in the third degree, conspiracy in the fourth degree, reckless endangerment in the first degree, and a violation of section 340 of article 22 of the General Business Law. They presently move to inspect the minutes of the Grand Jury proceedings and to dismiss the indictments on the ground that the evidence before the Grand Jury was legally insufficient to establish the commission by the defendants of the crimes charged or any lesser included offense (CPL 210.30). Additionally, the defendants contend that setting fire to an unoccupied store to which New York City fire fighters responded and entered cannot be the predicate upon which the crime of reckless endangerment may properly be charged.
The court has read the Grand Jury minutes and finds that the evidence presented was legally sufficient to sustain the indictments. For Grand Jury purposes, legally sufficient means “prima facie”, not proof “beyond a reason *829 able doubt” (People v Mayo, 36 NY2d 1002, 1004). This court finds that if the evidence presented were unexplained or uncontradicted, such evidence would be legally sufficient to warrant convictions by a trial jury (see People v Mayo, supra; People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573).
The defendants’ attack on the reckless endangerment counts merits further discussion in light of the recent decision in People v Buckman (110 Misc 2d 753) which decision the defendants, by reference, incorporated into their oral motions. Buckman held (p 755) that “the assertion that [a] defendant started a fire in a building to which New York City firefighters responded and entered * * * does not constitute the offense of reckless endangerment in the first degree.” After carefully considering this thoughtful opinion, the court must decline to follow it.
Section 120.25 of the Penal Law provides: “A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person.”
Subdivision 3 of section 15.05 of the Penal Law defines “recklessly”: “A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.”
It is alleged that the defendants arranged several fires in various neighborhood supermarkets, ostensibly in order to eliminate competition with their own supermarkets. It is further alleged that large quantities of gasoline were used to start these fires; thus requiring the response of certain firemen who had to enter the structures to extinguish the fires.
The Pattern Criminal Jury Instructions (CJI) for reckless endangerment in the first degree provide that in order for a defendant to be found guilty of this crime, the People are required to prove each of the following five elements:
*830 1. That the defendant (started serious fires), thereby creating a grave risk of death to (certain named firemen).
2. That at the time he so acted, the defendant was aware of the substantial and unjustifiable risk that a grave risk of death would result.
3. That the defendant consciously disregarded the substantial and unjustifiable risk that grave risk of death would result.
4. That the defendant’s conscious disregard of this risk constituted a gross deviation from the standard of conduct that a reasonable person would observe in the situation.
5. That the defendant so acted under circumstances evincing a depraved indifference to human life.
It is this court’s view that the evidence presented to the Grand Jury, if uncontradicted, would permit a trial jury to conclude that the defendants were guilty of reckless endangerment in the first degree. In this regard a trial jury could find that by setting fires with large quantities of gasoline, the defendants thereby created a grave risk of death to certain named firemen who quite foreseeably responded, and that at the time the defendants so acted they were aware of this substantial and unjustifiable risk. Fires are inherently dangerous — particularly to those charged with awesome responsibility to extinguish them. Every year firemen die in the course of fire fighting, and any conflagration creates imminent peril for the fire fighters. In the summer of 1978, six firemen perished while fighting a single blaze in an unoccupied supermarket in Brooklyn. At least some of the fires allegedly set by the defendants herein could be found to have been of so serious and perilous a nature that fighting them posed a grave risk of death to the firemen who did so. The response of New York City firemen to such a serious fire(s) was not only foreseeable — it was inevitable. It would be spurious to suppose that firemen would not respond. Unquestionably, the defendants’ conscious disregard of the risk would be a gross deviation from the standard of conduct that a reasonable person would observe. Finally, the circumstances alleged could be found to have been so calloused and extremely dangerous as to evince a depraved indifference to human life.
*831 The contention that reckless endangerment requires a criminal act directed at someone who is present at the time the act is committed is without merit. There is nothing in the statutory definition of reckless endangerment or the term “recklessly”, which so narrowly restricts its application (see Penal Law, §§ 120.25, 15.05, subd 3; NY PJI [Crim] 120.25; see, also, People v Graham, 41 AD2d 226). “All that is necessary is the creation of a certain degree of risk to ‘another person’.” (People v Graham, supra, p 227.) The proximity of another person is relevant only insofar as it bears on the degree of risk to which such other person may be exposed, and as it relates to the alleged recklessness of the defendant, e.g., the foreseeability of the harm to another. A trial jury could properly find that the firemen who responded were sufficiently near in time and space to be within the zone of danger and to have been exposed to a grave risk of death after they arrived. Considering the proximity of the firemen and the certainty of their response, a jury could further find that the defendants’ actions were criminally reckless.
The contention that the basis for this charge of reckless endangerment is the mere allegation that firemen may respond is fallacious. Here, firemen actually did respond as in virtual certitude they would be expected to. The prospectiveness of their response reflects on the recklessness of the defendants. While the alleged acts of arson may not have been specifically directed at firemen, the defendants must have known that firemen would respond and should have known that those responding would be endangered. It would indeed be disingenuous to argue that fire fighting is not extremely hazardous.
Also without merit is the contention that since the reckless endangerment statute does not specifically include the case of someone causing a fire to which firemen respond, the inference is that such a result is unintended. The maxim expressio unius est exclusio alterius, that is to say, the express and specific mention of one thing implies the exclusion of other things, does not apply in this instance (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 240). The reckless endangerment statute does not expressly or specifically mention any particular type of reck *832 less conduct. The statute is written in general terms with no exceptions. Thus, there is no inference that the Legislature intended to exclude this type of conduct. Quite to the contrary, the absence of an exception creates a strong presumption that the Legislature intended none (see People v Hagan, 138 Misc 771, affd 235 App Div 784).
Reckless endangerment is not simply a “catch-all” crime for arsonists. It is a crime for anyone who recklessly creates a grave risk of death to another person, whether he creates that risk by driving a car, shooting a gun, or starting a fire. The relatively modern offense of reckless endangerment was designed to fill a gap in the law of assault (2 Wharton’s Criminal Law, §203 [14th ed, Torcía]). Now the pattern is complete. “If a defendant acts recklessly and kills another, he is guilty of manslaughter; if he injures another, he is guilty of [assault]; if he endangers another, he is guilty of reckless endangerment.” (Id., p 335.)
A person who starts a fire under circumstances evincing a depraved indifference to human life and recklessly causes the death of another person may properly be charged with both arson and homicide (Penal Law, § 125.15, subd 1 or § 125.25, subds 2, 3). If the other person is not killed but is seriously injured, the perpetrator may then be properly charged with both arson and assault (Penal Law, § 120.00, subd 2; § 120.05, subd 4 or 6; § 120.10, subd 3). It follows that if the other person is neither killed nor seriously injured, but is recklessly exposed to a grave risk of death, then the perpetrator may be properly charged with both arson and reckless endangerment.
Construing the statute defining reckless endangerment according to the fair and logical import of its terms, this court finds that the conduct allegedly engaged in by the defendants fits squarely within its scope. The acts allegedly committed by these defendants may properly be the predicate for a conviction of reckless endangerment in the first degree.
Accordingly, the motions to dismiss the indictments are denied.