■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID L. REYNOLDS, Respondent.

Memorandum: The People appeal from an order dismissing an indictment which charged defendant with 10 counts of grand larceny in the second degree (Penal Law § 155.35) and nine counts of issuing a bad check (Penal Law § 190.05 [1]). Defendant, an accountant, was charged with swindling large sums of money from his friends and clients during a four-year period. The hearing court, after reviewing the Grand Jury minutes in camera, concluded that the cumulative effect of the admission of hearsay and opinion evidence coupled with inadequate legal instructions mandated dismissal of the indictment. We disagree.

Viewing this record in the light most favorable to the People *(People v Warner-Lambert Co.,* 51 NY2d 295, 299, *cert denied* 450 US 1031), we conclude that the evidence before the Grand Jury, if unexplained and uncontradicted, would warrant conviction by a trial jury *(People v Dunleavy,* 41 AD2d 717, *affd* 33 NY2d 573; *People v Lancaster,* 114 AD2d 92, *lv granted* 67 NY2d 945; *People v Potwora,* 44 AD2d 207, 210), and that the Grand Jury was properly instructed on the substantive law *(see, People v Goetz,* 68 NY2d 96, 115-116; *People v Calbud, Inc.,* 49 NY2d 389, 394-395). Therefore, it was error for the court to dismiss the indictment on grounds other than legal insufficiency since defendant had only raised the sufficiency of evidence and prosecutorial misconduct in his motion to dismiss the indictment *(People v Novack,* 74 AD2d 652). (Appeal from order of Cattaraugus County Court, Sprague, J.—dismiss indictment.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.