■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE GALLOWAY, Appellant.—Judgment, Supreme Court, Bronx County (Robert Seewald, J.), rendered November 7, 1988, which convicted defendant, after a nonjury trial, of criminal possession of a weapon in the third degree and reckless endangerment in the first degree and sentenced him to consecutive indeterminate prison terms of from 1 to 3 years, is unanimously affirmed.

On November 18, 1987, the defendant and complaining witness had an argument about money. The defendant went into his house and returned with a gun. The complainant jumped into his van and drove off but became blocked at an intersection behind an unmarked police car. Defendant chased after the van. He shot at the van and its occupants 10 times.

As it was night, the officer in the unmarked police car testified that he saw light from the muzzle of the gun.

Defendant urges that the People did not prove beyond a reasonable doubt that his conduct created a grave risk of death to another person. We do not agree. Reckless endangerment in the first degree is a nonintent crime, which only requires that defendant's reckless conduct create a grave risk of death to another person. *(People v Davis,* 72 NY2d 32, 36.) In cases where a firearm is used, the use of the gun must create such a risk. *(Supra.)* In the instant case the repeated firing of the gun at the van and its occupants, especially at night, is indicative of such grave risk.

Although defendant asserts there was not sufficient evidence, we find that based on the record and testimony presented at trial, there was proof beyond a reasonable doubt that defendant created a grave risk of death to both the occupants of the van as well as innocent bystanders. To be convicted under Penal Law § 120.25, all that is necessary is that defendant create a grave risk of death to another person. *(People v Graham,* 41 AD2d 226, 227.) Concur—Sullivan, J. P., Carro, Rosenberger and Asch, JJ.