■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

STEPHEN ORECKINTO, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), dated May 31, 1989, which granted that branch of the defendant's omnibus motion which was to dismiss an indictment, charging him with arson in the third degree and reckless endangerment in the first degree, for legal insufficiency.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

A Grand Jury may indict a person for an offense when the evidence presented to it is legally sufficient to establish that such person committed the offense (see, CPL 190.65 [1]; *People v Deegan,* 69 NY2d 976, 978). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see, People v Jennings,* 69 NY2d 103, 115; *People v Pelchat,* 62 NY2d 97, 105). Further, "on an appeal from an order dismissing an indictment for insufficiency of Grand Jury evidence, the facts should be viewed in the light most favorable to the People" *(People v Sacco,* 64 AD2d 324, 327; *People v Ngor Yip,* 118 AD2d 472, 473; *People v Giordanella,* 117 AD2d 617, 618).

In the case at bar, the evidence presented to the Grand Jury included testimony that the defendant matched the description of the arsonist, evidence that the defendant was the only person in New York City reported to have received burns to his hand and arm at about the same time as the fire, testimony as to the defendant's inconsistent stories as to how and where he received his burns, testimony that the defendant reeked of gasoline when treated for his burns, and testimony that the arsonist started the fire with gasoline. Thus, viewing this evidence in the light most favorable to the People, we find that it was legally sufficient to support the indictment against the defendant as to the charge of arson in the third degree, since the evidence shows the fire was intentionally started and the defendant was the arsonist. Further, the evidence presented to the Grand Jury was legally sufficient to support the charge of reckless endangerment in the first degree. Starting a fire to destroy a building evinces a depraved indifference to human lives, including those of firemen, which may be lost in that fire, and shows a reckless disregard for their safety *(see, People v Koullias,* 96 AD2d 869; *People v Rodriguez,* 110 Misc

2d 828, *cf., People v Buckman,* 110 Misc 2d 753). Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.