■ The People of the State of New York, Appellant, v Rhonda Culver, Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Cattaraugus County Court for further proceedings on the indictment in accordance with the following Memorandum: Defendant was indicted on one count of grand larceny in the third degree. Defendant moved to dismiss the indictment, alleging that it was not supported by sufficient evidence and that the integrity of the Grand Jury had been impaired by the questioning of certain witnesses by the prosecutor. In granting the motion to dismiss, County Court did not address the issues raised by the parties, instead finding that the prosecutor's instructions to the Grand Jury were so inadequate that the

integrity of the Grand Jury was impaired. That was error. By failing to challenge the adequacy of the instructions to the Grand Jury, defendant waived that issue *(see, People v Brooks,* 163 AD2d 864, *lv denied* 76 NY2d 984; *see also,* CPL 210.45 [1]; *People v Reynolds,* 124 AD2d 968), and County Court should not have dismissed the indictment on that basis. Even were we to find that the issue had been preserved, dismissal was, nevertheless, unwarranted. The prosecutor's failure to instruct the Grand Jury that larceny required intent did not impair the integrity of the Grand Jury. It was sufficient to instruct the Grand Jury that a person is guilty of larceny when "he steals property", as the prosecutor did by reading section 155.35 of the Penal Law to the Grand Jury. (Appeal from Order of Cattaraugus County Court, Nenno, J.—Dismiss Indictment.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.