■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES A. GLESSING, Respondent. [615 NYS2d 115] —Mercure, J. P. Appeal from an order of the County Court of Albany County (Breslin, J.), entered February 16, 1993, which, inter alia, granted defendant's motion to dismiss count one of the indictment.

In January 1983, defendant was appointed as a receiver of Hutton Nursing Home (hereinafter the facility) located in Ulster County, pursuant to Public Health Law § 2810 (1). Defendant was appointed after the owner of the facility, Alice Hutton, entered into a stipulation with the Department of Health to settle charges of substandard patient care. In April 1992, defendant was indicted and charged with, inter alia, grand larceny in the second degree. It was alleged that defendant, while acting as a receiver of the facility, had stolen $246,100 by causing payments to be made by the facility to an entity that he owned for services that were not rendered.

Defendant moved for dismissal of the charge on the ground that he owned the facility at the time of the alleged payments and therefore could not be guilty of larceny by stealing from it (see, People v Zinke, 76 NY2d 8; see also, Penal Law § 155.00 [5]; § 155.05 [1]). The foundation for defendant's argument was an agreement entered into on March 18, 1985 by defendant, Hutton and Mary Lou Edwards, Hutton's daughter, who was acting on Hutton's behalf, whereby defendant was purportedly assigned ownership of the facility and its operating corporations. County Court granted defendant's motion, finding that the 1985 agreement gave defendant ownership of the facility. The People appeal.

In reviewing the evidence adduced before a Grand Jury in order to determine whether it is legally sufficient to support a

charge in an indictment, it must be viewed in a light most favorable to the People and need only establish a prima facie case *(see, People v Jennings,* 69 NY2d 103, 114). Thus, there must be competent evidence which, if accepted as true, establishes every element of the offense charged or a lesser included offense and the defendant's commission thereof *(see,* CPL 70.10 [1]; 190.65 [1]; *People v Deitsch,* 97 AD2d 327, 329). All questions as to the quality of the proof should be deferred, as this is a matter for the petit jury and not the Grand Jury *(see, People v Deegan,* 69 NY2d 976). Further, the burden of proving insufficiency rests on the defendant *(see, People v Howell,* 3 NY2d 672, 675) and a count in an indictment may be dismissed only upon a clear showing that the evidence, unexplained and uncontradicted, would not permit a jury to convict after trial *(see, People v Jennings, supra,* at 114-115).

Reviewed within the context of the foregoing criteria, we agree with County Court that there was insufficient evidence adduced before the Grand Jury to support the first count charging grand larceny in the second degree. The uncontroverted evidence before the Grand Jury established that on July 19, 1985, Hutton's stock in the two operating corporations was assigned to defendant, subject only to his agreement "to reassign [his] right, title and interest [in the corporations] to Mary Lou Edwards, in the event that [he did] not receive a certificate of operation". In contrast, viewed from the People's perspective, the March 1985 agreement is at best ambiguous. Although the contract provides that "[it] shall take effect upon the date upon which [defendant] is issued an Operating Certificate by the New York State Department of Health, as a duly licensed operator for the FACILITY", it then states that "[n]otwithstanding the above, all provisions in this Agreement shall be effective from the date of signing * * * and shall remain effective until such date as the New York State Department of Health may deny the pending application for an Operating Certificate to [defendant]". In these circumstances, we agree with defendant that he was transferred present ownership, subject to divesture in the event the Department of Health denied his pending application. Because defendant's application had not been denied as of the time of the instant indictment, he was still the owner. Finally, because the transfer did not include an operating certificate, it did not violate Public Health Law § 2801-a (4) (a). Indeed, as receiver, defendant had already been granted full operational authority over the facility and neither Hutton nor Edwards had any such authority to transfer.

White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed.