*587 OPINION OF THE COURT
Peter R. Sprague, J.
By indictment dated August 13, 1996 the defendant stands charged with the following three felonies, relating to an incident alleged to have occurred in the Town of Belfast on July 17, 1996: (a) arson in the third degree, in violation of Penal Law § 150.10 (1); (b) reckless endangerment in the first degree, in violation of Penal Law § 120.25; and (c) criminal contempt in the first degree, in violation of Penal Law § 215.51 (d).
ISSUES
In this decision the court addresses the following issues, as part of the omnibus pretrial motion of the defense argued on October 16, 1996: (a) pursuant to CPL 210.20 and 210.30, whether the evidence before the Grand Jury was legally sufficient to sustain the indictment; (b) pursuant to the precedent of People v Buckman (110 Misc 2d 753 [Sup Ct, Kings County 1981]), whether count two of the indictment, charging reckless endangerment in the first degree, must in any event be dismissed as a matter of law.
PROCEDURAL POSTURE
The court has reviewed the minutes of the Grand Jury proceedings held on August 13, 1996. Pursuant to CPL 210.30 (3), the court concludes that it is not necessary to release the minutes to defense counsel at this time. The court reiterates the general rule that Grand Jury proceedings remain secret (People v Glenn, 220 AD2d 527, 528 [2d Dept 1995]).
ANALYSIS
I. Grand Jury Issue
Grand Jury proceedings are vested with a presumption of regularity (People v Pizarro, 190 AD2d 634 [1st Dept 1993], lv denied 81 NY2d 1018; People v Lopez, 97 AD2d 5 [1st Dept 1983]). An indictment is presumed to be based upon valid and sufficient evidence (People v Bergerson, 17 NY2d 398, 402; People v Howell, 3 NY2d 672), and the burden rests upon defendant Winans to demonstrate insufficiency (People v Glessing, 206 AD2d 786, 787 [3d Dept 1994]).
On such a motion the court must view the record in the light most favorable to the People (People v Smith, 213 AD2d 1073 [4th Dept 1995]; see also, People v Gordon, 88 NY2d 92; People *588 v Galatro, 84 NY2d 160; People v Mikuszewski, 73 NY2d 407, 411).
In People v Mikuszewski (supra, at 411, citing People v Jennings, 69 NY2d 103, 115; see also, People v Kirts, 179 AD2d 1071 [4th Dept 1992], appeal denied 79 NY2d 949), the Court of Appeals wrote: "On a motion addressed to sufficiency of an indictment * * * the defendant is entitled to a review based on whether there was competent evidence which, if accepted as true, would establish every element of [the] offense[s] charged and the defendant’s commission of it”.
The Fourth Department recently defined the applicable standard (People v Smith, supra, at 1073): " 'The test of legal sufficiency in this context is whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would be sufficient to warrant conviction by a trial jury’ ”.
The court notes further that at the Grand Jury stage the evidence presented by the prosecution need not constitute proof beyond a reasonable doubt to be deemed "legally sufficient” to support the indictment (People v Mayo, 36 NY2d 1002, 1004). Moreover, " 'all questions as to the quality or weight of the proof should be deferred’ ” (People v Jennings, supra, at 115, quoting People v Sabella, 35 NY2d 158, 167). Such questions are "matters for resolution by the petit jury upon a full record” (People v Valles, 62 NY2d 36, 39; see also, People v Darrisaw, 206 AD2d 661, 663 [3d Dept 1994]). The court also notes, parenthetically, that in presenting a case to the Grand Jury the prosecutor is not obliged to seek out evidence favorable to the accused (People v Ramjit, 203 AD2d 488, 489 [2d Dept 1994], appeal denied 84 NY2d 831). The Grand Jury, of course, does not determine guilt or innocence (People v Swamp, 84 NY2d 725).
"The fact that the proof presented to the Grand Jury [may] also [be] susceptible of inferences of innocence is irrelevant, 'as long as the Grand Jury could rationally have drawn the guilty inference’ ” (People v Jensen, 86 NY2d 248, 252, quoting People v Deegan, 69 NY2d 976, 979).
Having reviewed the minutes, and applying the principles discussed above, the court concludes that the evidence presented to the Grand Jury, if unexplained and uncontradicted, would warrant conviction by a trial jury with respect to each of the three counts (People v Reynolds, 124 AD2d 968 [4th Dept 1986]); People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573; see also, People v Batashure, 75 NY2d 306, 311). The court further *589 concludes that the Grand Jury was adequately instructed on the substantive law (People v Reynolds, supra). In reaching this conclusion the court reiterates that a Grand Jury need not be instructed with as much detail, precision, and thoroughness as a petit jury must be (People v Goetz, 68 NY2d 96, 115; People v Valles, supra; People v Calbud, Inc., 49 NY2d 389, 394).
II. People v Buckman Issue
Relying on People v Buckman (110 Misc 2d 753, supra), defendant Winans contends, in the alternative, that the reckless endangerment count must be dismissed in any event, as a matter of law.
In Buckman (supra), Justice Clemente construed Penal Law § 120.25, reckless endangerment in the first degree, concluding that it must be construed narrowly, being limited to "definite” factual situations rather than to possible or "prospective” factual situations.
Justice Clemente cautioned against extending penal responsibility "beyond the fair scope of the statutory mandate”, writing: "It is * * * evident that although one may be guilty of reckless endangerment when the crime is directed toward a specific individual or to no one in particular, the factor common to both circumstances is that the criminal act is directed at someone, known or unknown, who is present at the time the act is committed. The defendant herein, however, is being prosecuted because firemen responded to a fire even though his alleged criminal act was not in any way directed towards firemen.” (People v Buckman, supra, at 754.)
Although the Buckman precedent is entitled to due deference, and although it is a thoughtfully reasoned and articulated decision, the court respectfully declines to follow Buckman (supra).
For purposes of the instant pretrial motion, the court need not speculate as to the likelihood of the ability of the People to prove at trial, beyond a reasonable doubt, each and every element of the crime of reckless endangerment in the first degree. The court need only determine whether, as a matter of law in the present factual scenario, such charge must be dismissed. Nor must the court speculate as to the exclusivity, strength, or necessity of circumstantial evidence at trial (see, 1 CJI[NY] 3.20, at 106-107), if the reckless endangerment charge is permitted to stand at this point.
In general, of course, penal statutes are strictly or narrowly construed (McKinney’s Cons Laws of NY, Book 1, Statutes *590 § 271 [a]). Significantly, however, section 5.00 of the Penal Law itself provides: "The general rule that a penal statute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law.”
Although, of course, it will be up to the jury to make the factual determinations in this case, it is a reasonable, general conclusion that an arsonist either knows, or is chargeable with the knowledge, that firefighters, police, and other emergency personnel will respond to a fire in a structure. Accordingly, without "straining” an extrapolation, all of such prospective responders are "potential victims”, even though their exact identity, number, origin, and arrival time are not known at the instant of ignition.
The response by emergency personnel is necessarily one of urgency and swiftness, not one of measured calculation and deliberate "plodding”. Such urgency in and of itself escalates the dangers and risks of personal injury and death to innocent people.
New York, of course, has a policy of encouraging emergency aid by fellow citizens (e.g., Public Health Law § 3013). The court must be cautious not to "chill” such future responses by an unduly narrow and technical reading of the reckless endangerment statute.
The fact that the incidents at bar occurred in a rural area serviced by volunteer firefighters, rather than by urban professional firefighters, does not render it any less likely, or less "presumable”, that firefighters would be responding to a fire at a dwelling. A firefighter, whether a compensated professional or a community-minded volunteer, has a duty to determine if there is any person or persons in a burning structure. Hence, entry by firefighters into such a structure, in a situation in which seconds count, is a very common, even expected, occurrence, and the risk factor is further increased.
To intentionally cause these known and logical risks to occur is in the general sense "criminal” and in the specific sense at the very least "reckless” with wanton disregard for the safety and lives of others.
This court has presided at more than one trial charging acts of arson and is well aware of the dangers which inevitably flow from a fire in a structure. To intentionally put that chain of events in motion is reckless.
*591 In short, and without purporting to determine ultimate guilt or innocence in the instant case, the court finds that a jury could infer that if a fire is started at a dwelling, volunteer firefighters and other emergency personnel will promptly, zealously, and aggressively respond and will, at their risk and peril, endeavor to extinguish the blaze. Even though the jury in this case may find that no firefighters were present at the time ignition occurred, and even though the jury may find that the defendant could not have known which specific fire companies or firefighters would respond, the probability of such a response was not so remote, speculative, or tenuous as to take the alleged conduct of the defendant, as a matter of law, out of the scope of the reckless endangerment statute. Again, the court notes that the factual issue of whether defendant Winans committed reckless endangerment in this case will need to be resolved by the trial jury.
The motion by the defendant to dismiss the charge of reckless endangerment in the first degree as a matter of law is denied.
Upon filing of the pre-plea investigation report by the Probation Department, the clerk shall schedule a Huntley hearing relating to admissibility at trial of alleged statements of the defendant as identified in the CPL 710.30 notice dated August 14, 1996.