■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDRE FRANKLIN, Respondent. [760 NYS2d 511] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Suffolk County (Ohlig, J.), dated September 26, 2002, as granted that branch of the defendant's motion which was to dismiss count six of the indictment charging him with criminal contempt in the first degree.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, that branch of the defendant's motion which was to dismiss count six of the indictment charging him with criminal contempt in the first degree is denied, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

According to the evidence presented to a grand jury, on May 23, 2002, the defendant ran up to the complainant's vehicle, pulled his hand back as though he was going to hit her, yelled that he was "going to f * * * [her] up," and threw a piece of broken roadway at her vehicle. At the time, an order of protection was in effect which, among other things, directed the defendant "to remain away" from the complainant. The grand jury indicted the defendant for, among other charges, criminal contempt in the first degree. The County Court granted that branch of the defendant's motion which was to dismiss count six of the indictment upon finding that the People's evidence was not legally sufficient to support the charge of criminal contempt in the first degree. The County Court otherwise denied the defendant's motion to dismiss with respect to the remaining counts.

"In the context of a motion to dismiss an indictment, the sufficiency of the People's presentation 'is properly determined by

inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Galatro,* 84 NY2d 160, 163 [1994], quoting *People v Jennings,* 69 NY2d 103, 114 [1986]). The People must make a prima facie case that the defendant committed the crime charged by presenting legally sufficient evidence establishing all of the elements of the crime (*see People v Galatro, supra* at 164). In the context of grand jury procedure, legally sufficient evidence means "proof of a prima facie case, not proof beyond a reasonable doubt" (*People v Gordon,* 88 NY2d 92, 95-96 [1996]; CPL 70.10 [1]). Further, the burden of proving insufficiency rests on the defendant (*see People v Glessing,* 206 AD2d 786, 787 [1994]).

In this case, there was sufficient evidence adduced before the grand jury to support count six of the indictment charging criminal contempt in the first degree (*see* Penal Law § 215.51 [b] [v]; *see e.g. People v Orbaker,* 302 AD2d 977 [2003]). Accordingly, the County Court erred in dismissing that count.

Although the People correctly concede that the evidence was not legally sufficient to support count five of the indictment charging the defendant with aggravated harassment in the second degree (*see* Penal Law § 240.30 [1]) and that count five of the indictment should be dismissed, the proper procedure is for the People to move in the Supreme Court to dismiss that count. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.