■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL EASON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 7, 1978, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, indictment dismissed and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The defendant's guilt was not established beyond a reasonable doubt. Lazer, J. P., Margett, Martuscello and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL FITZGERALD, Respondent.—Appeal by the People from so much of an order of the County Court, Westchester County, dated April 27, 1976, as, upon reargument, adhered to the original determination dismissing counts one and two of the indictment, alleging criminally negligent homicide and assault in the third degree. By order dated July 3, 1976 this court affirmed the order of the County Court insofar as appealed from *(People v Fitzgerald,* 62 AD2d 885). On November 30, 1978 the Court of Appeals reversed the order of this court and remitted the case to this court for consideration of the sufficiency of the Grand Jury evidence (45 NY2d 574). Order reversed insofar as appealed from, on the law, and, upon reargument, said counts of the indictment are reinstated. According to the evidence before the Grand Jury, the two victims were struck by an automobile driven northbound by the defendant on Pleasantville Road while they were walking along the right-hand side of the northbound lane of that road. Although it was nighttime, the street was lit and visibility was good. Defendant, by his own admissions, had been driving the automobile with the right-hand portion of the windshield "not completely clean" and had not seen either of the victims. Other testimony revealed that shortly before the accident, defendant had been seen in an intoxicated state by several acquaintances. A trial jury would be justified in finding, on these facts, that the death of one of the victims, and the injury of the other, resulted from defendant's operation of the automobile in a criminally negligent manner. Titone, J. P., O'Connor, Rabin and Shapiro, JJ., concur.