OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the indictment reinstated and the matter remitted to the trial court for further proceedings.
The limited issue before us on this pleading motion is the facial sufficiency of the indictment. Even if the alleged coconspirator’s declarations were excluded, for present purposes the remaining evidence before the Grand Jury is sufficient to support an inference that defendant, an elected official, changed his vote on a proposed rate increase for waste removal services in exchange for a promise of future campaign contributions from members of the affected industry. The lower courts, which both held the evidence insufficient, erred in referring to a need to exclude "to a moral certainty” every hypothesis but guilt where the proof is, as here, wholly circumstantial. In invoking that standard, the trial court relied on People v Eckert (2 NY2d 126, 129), which was recently expressly overruled (People v Jennings, 69 NY2d 103, 115, n 2).
As we held in People v Jennings (supra, at 114-116), the proper standard for reviewing the sufficiency of the evidence to support an indictment is "legal sufficiency,” which is defined in CPL 70.10 (1) as "competent evidence which, if accepted as true, would establish every element of an offense charged” (see, CPL 190.65 [1]). In other words, "[i]n the context *979 of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt” (People v Mayo, 36 NY2d 1002, 1004).
As applied to a case involving wholly circumstantial evidence, this standard limits the reviewing court’s inquiry to determining whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes. That other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the Grand Jury could rationally have drawn the guilty inference; the standard that every hypothesis but guilt be excluded to a "moral certainty” is to be applied only by the trier of fact. Similarly, on a motion to dismiss an indictment under CPL 210.20 (1) (b), the court may not examine the adequacy of the proof or determine whether there was "reasonable cause to believe” that the charged crimes were committed by the accused (see, CPL 190.65 [1] [b]), since resolution of those questions "is exclusively the province of the Grand Jury” (People v Jennings, supra, at 115).
In light of this conclusion, we should not make an anticipatory ruling as to the admissibility of the other, disputed, evidence. Finally, inasmuch as the inquiry on a motion to dismiss an indictment on grounds of insufficient evidence is a purely legal one (People v Jennings, supra, at 114-115), we reject defendant’s contention that the appeal should be remitted to the Appellate Division for a further review of the facts. The proof before the Grand Jury was legally sufficient within the meaning of CPL 70.10 (1) and 190.65 (1). Consequently, there is nothing remaining for the Appellate Division to review and the matter should be remitted to the trial court for further proceedings on the indictment.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
Order reversed, indictment reinstated and case remitted to Suffolk County Court for further proceedings on the indictment in a memorandum.