■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LLOYD SHAFFER, Respondent.—Order, Supreme Court, New

York County (Albert P. Williams, J.), entered October 14, 1986, dismissing, *inter alia,* count 30 of the indictment, which charged defendant with bribing a witness, reversed on the law to the extent appealed from, and the said count 30 reinstated.

The defendant was charged in an indictment with 13 counts of attempted grand larceny in the first degree, 14 counts of attempted coercion in the first degree, and one count each of commercial bribery in the first degree, offering a false instrument for filing in the first degree, bribing a witness, and criminal solicitation in the fourth degree. The indictment is based on an alleged scheme to steal from certain tenants their rights to continue to live in and possess their apartments in a rent-regulated building on West 96th Street in Manhattan. The defendant moved to dismiss the indictment for legal insufficiency. The motion was granted with regard to seven counts of the indictment, including count 30, which is here in issue.

Count 30 charged the defendant with bribing a witness in violation of Penal Law § 215.00 in that he conferred, offered or agreed to confer $2,000 upon Marguerita Betancourt, a person about to be called as a witness in an action or proceeding, upon an agreement or understanding that her testimony would thereby be influenced and that she would testify falsely in court. There was testimony before the Grand Jury that Marguerita Betancourt was offered money by the defendant to testify that Jenny Cabrera was not married. Jenny Cabrera testified before the Grand Jury, stating that Vincente Cabrera, the lessee of the apartment in which she lived, was her husband.

On a motion to dismiss an indictment or counts thereof, the burden falls upon the defendant to demonstrate that the evidence before the Grand Jury, if unexplained and uncontradicted, would not warrant a conviction by a trial jury. *(People v Sullivan,* 68 NY2d 495 [1986].) On such a motion, the evidence is to be viewed in the light most favorable to the prosecution. *(People v Warner-Lambert Co.,* 51 NY2d 295 [1980].)* Section 215.00 of the Penal Law provides that "[a] person is guilty of bribing a witness when he confers, or offers or agrees to confer, any benefit upon a witness * * * upon an agreement or understanding that (a) the testimony of such witness will thereby be influenced". All that is required for a bribery to be complete is the offer or agreement to confer a benefit upon the defendant's agreement or understanding that the witness's testimony will thereby be influenced. There is no

requirement that the benefit actually be conferred or that the testimony actually be influenced.

We have considered the other contentions of the defendant and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Milonas and Rosenberger, JJ.