■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SIXTO VALDEZ, Respondent.—Order, Supreme Court, New York County (Jay Gold, J.), entered May 21, 1987, which granted defendant's motion pursuant to CPL 210.20 (1) (b) and dismissed the indictment, unanimously reversed, on the law, defendant's motion to dismiss is denied, the indictment reinstated, and the matter remanded for further proceedings.

By indictment No. 268/87, filed January 29, 1987, defendant was charged with criminal possession of a controlled substance in the third degree (Penal Law § 220.16), criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09), and unlawful possession of marihuana (Penal Law § 221.05). The evidence before the Grand Jury established that at approximately 12:19 A.M. on October 12, 1987, Police Officer Stephen Schnitzer went to 76 Pinehurst Avenue in New York County in response to a radio run. Upon entering the lobby, Schnitzer saw the defendant, Sixto Valdez, hunched over a radiator. On top of the radiator, next to defendant's hand, were what appeared to be 50 vials of "crack" cocaine, seven aluminum tins of powdered cocaine, and six glassine envelopes of marihuana. Defendant was placed under arrest, and subsequent laboratory analysis confirmed the presence of the suspected controlled substances and marihuana.

In granting defendant's motion to inspect the Grand Jury

minutes and dismiss the indictment, the motion court held that the evidence presented was "legally insufficient to establish that defendant physically possessed or exercised dominion or control over the items on the radiator". We disagree.

Evidence before a Grand Jury is legally sufficient to support an indictment when, if accepted as true, it would establish every element of the offense charged and defendant's commission thereof. (CPL 70.10 [1]; 190.65 [1]; *People v Deegan,* 69 NY2d 976, 978.) In determining a motion to dismiss based on legal insufficiency, the appropriate inquiry is "whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury". *(People v Jennings,* 69 NY2d 103, 114; *People v Shaffer,* 130 AD2d 431, 432.) Thus, the evidence before the Grand Jury need only establish a prima facie case, not constitute proof beyond a reasonable doubt, and the possibility that innocent inferences could be drawn from the circumstances is irrelevant. *(People v Deegan, supra,* at 979.)

Here, the defendant was observed hunched over the radiator upon which the contraband was openly displayed, and no other person was present in the building lobby. These circumstances were sufficient to establish that defendant "exercise[d] dominion or control" over the contraband (Penal Law § 10.00 [8]), which was within his " ' "immediate control and reach" ' " and " ' "available for unlawful use if he so desire[d]" ' ". *(People v Lynch,* 116 AD2d 56, 61, quoting *People v Lemmons,* 40 NY2d 505, 509-510.)

Accordingly, the order dismissing the indictment is reversed, the indictment reinstated, and the case remanded for further proceedings. Concur—Murphy, P. J., Sullivan, Carro and Kassal, JJ.