■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD VICKERS and MONIQUE LEIBERT, Respondents.—Order, Supreme Court, New York County (Daniel P. FitzGerald, J.), entered on or about October 7, 1988, which dismissed the first count of indictment number 4572, filed May 19, 1988, is unanimously reversed, on the law and on the facts, the first count reinstated, and the matter remanded to Criminal Term of Supreme Court for further proceedings.

During the morning of December 5, 1987, New York City Police Officer Richard Taylor (Officer Taylor) arrested Mr. Donald Vickers and Ms. Monique Leibert (defendants) charging them, among other things, with possession of a loaded gun.

Thereafter, the People presented the evidence concerning that arrest to a Grand Jury, and the key witness was Officer Taylor, who testified, in substance, that at approximately 7:00 A.M., December 5, 1987, in the bedroom of apartment 5 of a residential building (premises) located at 151 West 145th Street, New York County, he found, in the defendants' presence, a cocked fully loaded pistol which was in plain view on a table about four feet from the bed in that room; neither one of the defendants had either a license or registration for the subject pistol, and when he was processing defendants in connection with their arrest, neither one gave those premises as their address.

Besides Officer Taylor, the People presented to the Grand Jury the following evidence: (1) a report from the New York City Police Ballistics Laboratory, which identified the gun as an operable nine-millimeter-caliber Llama semiautomatic pistol, and the same contained live ammunition; and (2) deposition testimony from Mr. Henry Comas, who was the owner of apartment 5, stated, in pertinent part, that he did not give the defendants "any license or privilege to be on or in said [apartment] on December 5, 1987, or at any other time".

Defendants did not testify before the Grand Jury.

Based upon the testimony summarized *supra*, by indictment number 4572, filed May 19, 1988, a New York County Grand Jury charged defendants with the crimes of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal trespass in the first degree (Penal Law § 140.17 [1]). Thereafter, defendant Ms. Leibert moved to dismiss the indictment for insufficiency, and in response, Criminal Term dismissed the first count against both defendants. The People appeal.

When a defendant moved to dismiss an indictment, pursuant to CPL 210.30, "the standard of judicial scrutiny is whether there was 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof' (CPL 70.10, subd 1)" *(People v Warner-Lambert Co.,* 51 NY2d 295, 298-299 [1980], *cert denied* 450 US 1031 [1981]). The Court of Appeals held in *People v Mayo* (36 NY2d 1002, 1004 [1975]) that "[i]n the context of the Grand Jury procedure, legally sufficient [evidence] means prima facie, not proof beyond a reasonable doubt".

In evaluating the sufficiency of the evidence considered by the Grand Jury, we are required to determine "whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" *(People v Jennings,* 69 NY2d 103, 114 [1986]).

Until rebutted the presumption is that indictments are valid *(People v Pelchat,* 62 NY2d 97, 106 [1984]). A defendant who moves to dismiss an indictment bears the burden of proof that same is legally insufficient *(People v Howell,* 3 NY2d 672, 675, 677 [1958]; *People v Deitsch,* 97 AD2d 327, 329 [1983]). This the defendants have failed to do.

Since the evidence submitted to the Grand Jury unequivocally indicates that the cocked loaded pistol was in plain view on a table in a room in which the defendants were the only

persons present, we find that these "circumstances were sufficient to establish that defendant[s] 'exercise[d] dominion or control' over the contraband * * * which was within [their] ' " 'immediate control and reach' " ' and ' " 'available for unlawful use if [defendants] so desire[d]' " '. *(People v Lynch,* 116 AD2d 56, 61, quoting *People v Lemmons,* 40 NY2d 505, 509-510)" *(People v Valdez,* 145 AD2d 374, 375 [1st Dept 1988]).* Therefore, we further find that this evidence "if unexplained and uncontradicted, would warrant conviction by a petit jury" *(People v Jennings, supra,* at 114).

Accordingly, we reverse and reinstate the first count of the indictment. Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.