■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILFREDO COLON, Respondent.—Appeal from an order of the County Court of Columbia County (Zittell, J.), entered October 15, 1991, which granted defendant's motion to dismiss the indictment.

Defendant was charged in a single-count indictment with attempted arson in the second degree. Finding that the evidence before the Grand Jury was legally insufficient to support the charge, County Court granted defendant's motion to dismiss the indictment. A person may be indicted by a Grand Jury when the evidence before it is legally sufficient to establish that the crime was committed by the person accused *(see, People v Oreckinto,* 178 AD2d 562, 563, *lv denied* 79 NY2d 1005). Legally sufficient evidence is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see, People v Jennings,* 69 NY2d 103, 115). At this stage guilt need not be proven "beyond a reasonable doubt" or by a "moral certainty"; it is only necessary that there is *"reasonable cause* to believe that the accused committed the crime to be charged" *(People v Jennings, supra,* at 115 [emphasis supplied]). In addition, in a case involving circumstantial evidence, it is irrelevant that "other, innocent inferences could possibly be drawn from the facts * * * as long as the Grand Jury could rationally have drawn the guilty inference" *(People v Deegan,* 69 NY2d 976, 979). Upon reviewing the Grand Jury minutes together with the elements of the crime charged (Penal Law §§ 110.00, 150.15), we find that legally sufficient evidence existed to support the indictment *(see, People v Sundholm,* 105 AD2d 1072).

Mikoll, J. P., Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.