■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

---

ALAN J. NUGENT, Respondent. [598 NYS2d 861] —Harvey, J. Appeal from an order of the County Court of Essex County (Dawson, J.), entered September 30, 1992, which partially granted defendant's motion to, *inter alia,* dismiss the indictment.

On February 8, 1992, at about 7:00 P.M., defendant was operating his pickup truck in the eastbound lane of River Street in the Village of Saranac Lake, Essex County, when he struck and killed a pedestrian, Arlene Pochily (hereinafter decedent), who was crossing the street in order to view an ice castle set up as part of a winter carnival. While a light snow was falling, the area was relatively well-lighted and visibility was good. Decedent was struck as she crossed the second of two eastbound lanes of River Street after having successfully crossed the two westbound lanes of the same street. A driver in the northernmost eastbound lane (hereinafter referred to as the eyewitness) had slowed down to allow decedent to cross and the eyewitness waved decedent onward after she checked to make sure that no vehicles were coming to her right in the southern eastbound lane. It was at this point, as decedent walked across the south eastbound lane, that decedent was struck by defendant's vehicle. Defendant's truck passed right over decedent's body and finally came to rest about 60 feet past that point on the curb. Defendant, who was described by witnesses as visibly intoxicated, was arrested at the scene and charged with driving while intoxicated and driving at a speed not reasonable and prudent. A chemical test of his breath showed a blood alcohol level of .15%.

Following Grand Jury proceedings, a 12-count indictment was handed up charging defendant with various crimes and offenses. County Court later dismissed the first nine counts of the indictment. Specifically, these charges alleged one count of criminally negligent homicide, two counts of assault in the second degree, two counts of vehicular assault in the second degree and four counts of assault in the third degree. This appeal by the People followed.

We reverse. In dismissing the first nine counts of the indictment, County Court found that they were not based upon legally sufficient evidence before the Grand Jury. Legally sufficient is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see, People v Colon,* 188 AD2d 708). Significantly, at this early stage in the proceeding, guilt need not be established

"beyond a reasonable doubt" or by a "moral certainty"; it need only be shown that there is " ' "reasonable cause" to believe that the [accused] committed the crime [to be] charged' " *(People v Sabella,* 35 NY2d 158, 167; *see, People v Jennings,* 69 NY2d 103, 115; *People v Colon, supra).* In this case, after reviewing the Grand Jury testimony and applying the above-described threshold standard, we must conclude that there was legally sufficient evidence produced to support the dismissed counts of the indictment.

County Court dismissed the first, fourth, fifth, eighth and ninth counts of the indictment because there was allegedly insufficient evidence to support a finding of criminal negligence, an integral element of these charged crimes. Criminal negligence is described in the statute as follows: "A person acts with criminal negligence with respect to a result or to a circumstance * * * when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]). Our review of the Grand Jury minutes reveals sufficient evidence to meet this standard. Defendant, a long-time resident of the area where the accident occurred and who testified on his own behalf at the proceeding, indicated his awareness that at winter carnival time thousands of pedestrians crossed River Street to view the ice castle. Defendant had admittedly consumed a six-pack of beer prior to the accident and he was visibly intoxicated as attested to by witnesses at the scene. While defendant makes much of the fact that the eyewitness to the accident estimated that he was driving not much over the legal speed limit of 30 miles per hour, the issue is not really the speed of defendant's vehicle per se, but whether the speed defendant was traveling exceeded the speed a reasonable driver would have driven under the circumstances. Along these lines we note that the eyewitness testified that she was driving about 15 miles per hour on that same road and when she saw pedestrians crossing the road up ahead of her, she slowed down to a "[c]reeping" pace. Defendant testified that he saw other pedestrians crossing the street, but that he never saw decedent or even noticed the eyewitness's vehicle stopped in the left lane. In fact, defendant testified that at one point as he approached the spot where decedent was crossing, he was looking to his right at the ice castle and at people who had already crossed the street. Given this and other testimony

presented, it is possible for a jury to find that decedent's death resulted from defendant's operation of his vehicle in a criminally negligent fashion (see, People v Fitzgerald, 70 AD2d 955).

Similarly, this evidence was sufficient to support the second, third, sixth and seventh counts of the indictment, which each require that the element of recklessness on defendant's part be established. A person acts "recklessly" when he or she: "is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto" (Penal Law § 15.05 [3]).

Because it is conceivable to infer from the evidence already described that defendant, through a combination of speed, inattentiveness and/or intoxication, created an unjustifiable risk that a pedestrian could be struck in the manner which occurred here, we hold that the indictment against defendant should be reinstated in its entirety.

Yesawich Jr., J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, motion denied, counts one through nine of the indictment reinstated and matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision.