■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WAYNE S. MILLER, Respondent. [620 NYS2d 179] —Peters, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered January 12, 1994, which partially granted defendant's motion to dismiss the indictment.

The criminal charges in this case arise as a result of the death of a woman whose partially clad body was discovered in Riverfront Park in the City of Troy, Rensselaer County, on July 21, 1993. On September 10, 1993, defendant was indicted and charged with three counts of murder in the second degree and one count of rape in the first degree. As part of an

omnibus motion, he moved to dismiss the indictment contending that legally insufficient evidence was presented to the Grand Jury. After review of the Grand Jury minutes, County Court ruled that count three of the indictment charging rape in the first degree and count four of the indictment charging murder in the second degree were insufficient and dismissed those counts. The People appeal.

In dismissing counts three and four of the indictment, County Court determined that the evidence submitted to the Grand Jury, "viewed in [the] light most favorable to the People failed to make out a *prima facie* case against the defendant on the element of forcible compulsion as defined in Section 130.00 (8) of the Penal Law". We disagree. When the victim was discovered, she was lying face up with her right arm bent behind her back. Her shirt was pulled up above her breasts, her jeans were pulled off except for that which was around her left ankle, and her underwear was around her left calf. Notably, the victim's stomach, chest and genital area were matted with dirt and pine needles were matted into both of her knees. The physical condition of the crime scene was consistent with the occurrence of a struggle.

The Grand Jury heard evidence of the above facts as well as the testimony of the Medical Examiner. This witness described scratches to the victim's chin and neck, a bruise to her shoulder and front legs, and scratch marks at the left upper thigh near her genital area which, according to the Medical Examiner, had occurred prior to her death. The victim also suffered serious throat injuries which were consistent with death by manual strangulation. The Medical Examiner concluded that she had died by manual strangulation and that sexual intercourse had taken place in the early morning of the day of her death.

The Grand Jury also received in evidence a copy of the statement of defendant in which he admitted strangling the victim. It stated that, after drinking substantial amounts of alcohol, he went for a walk with the victim and agreed to have intercourse with her for $40. After having intercourse, they got dressed and he then advised her that he did not have any money. According to defendant, the victim started screaming that she wanted her money or she would go to the police and say that he had raped her. She then started hitting him and would not stop screaming. Defendant claimed that he put his hand under her chin to try to get her to stop screaming and that while he was physically fighting with her with his hand on her neck, her body went limp. He further stated

that he thought she became unconscious and when she did not wake up, he got scared. He then pulled her pants down, trying to make it look like she had been attacked.

Defendant's statement describing voluntary intercourse may be found to be inconsistent with the physical trauma to the victim. The Medical Examiner testified that the injury to her thigh was caused while she was alive, that there was trauma to her temple and scalp and that her knees were bruised and dirty. While clearly the People intend to prove rape by circumstantial evidence, "it is irrelevant that 'other, innocent inferences could possibly be drawn from the facts * * * as long as the Grand Jury could rationally have drawn the guilty inference' " *(People v Colon,* 188 AD2d 708, quoting *People v Deegan,* 69 NY2d 976, 979).

It is well settled that the requirement for legal sufficiency is satisfied if there was competent evidence which, if accepted as true, would establish every element of an offense charged and a defendant's commission thereof (CPL 70.10 [1]; *see, People v Moquin,* 142 AD2d 347, *revd on other grounds* 77 NY2d 449). We must conclude that in dismissing the rape charge, County Court credited the statement of defendant. However, "[t]hat other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the Grand Jury could rationally have drawn the guilty inference; the standard that every hypothesis but guilt be excluded to a 'moral certainty' is to be applied only by the trier of fact" *(People v Deegan, supra,* at 979). Thus, the Grand Jury could have chosen to ignore defendant's statement and could quite possibly have inferred forcible compulsion from defendant's "conduct and the surrounding circumstances" *(People v Pereau,* 64 NY2d 1055, 1057). Although defendant contends that there was no proof of forcible sexual intercourse, it is well settled that a gynecological examination need not show evidence of laceration or trauma for forcible compulsion to be determined *(see, People v Murphy,* 188 AD2d 742, *lv denied* 81 NY2d 890).

As the evidence, when reviewed by County Court, "must be viewed in the light most favorable to the People, and exculpatory evidence may not be taken into account" *(People v Dorsey,* 102 AD2d 123, 126; *see, People v Warner-Lambert Co.,* 51 NY2d 295, *cert denied* 450 US 1031), we find that the evidence submitted to the Grand Jury by the People satisfied all relevant criteria.

Accordingly, that portion of the order dismissing counts

three and four of the indictment should be reversed and those counts reinstated.

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted the motion to dismiss counts three and four of the indictment; motion regarding said counts denied and said counts are reinstated; and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.