■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL JEFFERS, Respondent. [635 NYS2d 95] —Appeal by the People from an order of Supreme Court, Queens County (Flug, J.), dated April 6, 1995, which dismissed counts one and two of Queens County Indictment Number N11966/94 charging the defendant with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The appeal brings up for review so much of an order of the same court, dated April 27, 1995, as, upon reargument, adhered to the prior determination (*see*, CPLR 5517 [b]).

Ordered that the appeal from the order dated April 6, 1995, is dismissed as that order was superseded by the order dated April 27, 1995, made upon reargument; and it is further,

Ordered that the order dated April 27, 1995 is reversed insofar as reviewed, the order dated April 6, 1995, is vacated, and counts one and two of the indictment are reinstated.

At a Grand Jury proceeding held on August 19, 1994, the following evidence was elicited. On August 15, 1994, at approximately 5:25 P.M., Undercover Police Officer 7856 (hereinafter UC 7856) was on 218th Street and 91st Avenue in Queens. He approached the codefendant, Jean Gilles, and asked him if he had any "nicks" (i.e., five dollar vials of crack cocaine). Gilles told UC 7856 that he had to "beep his boy" and walked with him to the corner. While they were waiting at the corner, the defendant drove up in a black car. Gilles stated, "[t]hat's my boy he's got the rock" (i.e., the crack cocaine). Gilles asked UC 7856 how much he wanted and entered the car, telling UC

7856 to wait while he got the "rock" from "[his] boy." A few seconds later, Gilles exited the car with four vials of what was later determined to be crack cocaine, stating, "I got the nicks from my boy." UC 7856 then paid Gilles and watched him return to the defendant's car. After leaving, UC 7856 radioed a description of Gilles and the defendant to another police officer who arrested them at the scene of the crime. A vial of crack cocaine was retrieved from inside the defendant's car.

Viewing the evidence in the light most favorable to the People, these facts, if proven, and the inferences to be drawn from them are sufficient to establish a prima facie case that the defendant was an accomplice to the crimes criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (see, People v Kaplan, 76 NY2d 140; People v Deegan, 69 NY2d 976; People v Jennings, 69 NY2d 103; People v Diaz, 209 AD2d 1). Thus, counts one and two of the indictment charging the defendant with those crimes are reinstated.

We have considered the appellants' remaining contention and find it to be academic and, in any event, without merit. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.