■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENT ASARO, Respondent. [658 NYS2d 899] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated June 7, 1996, as granted those branches of the defendant's omnibus motion which were to dismiss count 1 of the indict-

ment charging the defendant with enterprise corruption and counts 4 through 28 of the indictment charging the defendant with criminal possession of stolen property in the third degree (10 counts), grand larceny in the third degree (10 counts), criminal mischief in the second degree (4 counts), and possession of burglar's tools.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendant's omnibus motion which were to dismiss count 1 and counts 4 through 28 of the indictment are denied, those counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

On a motion to dismiss the indictment, the inquiry is whether the evidence presented to the Grand Jury, when viewed in a light most favorable to the People, would be sufficient, if unexplained and uncontradicted, to warrant conviction of the defendant of the crimes charged (see, People v Jennings, 69 NY2d 103; People v Deegan, 69 NY2d 976; CPL 190.65 [1]). The People must present "competent evidence which, if accepted as true, would establish every element of the crime charged and the defendant's commission of it" (People v Manini, 79 NY2d 561, 568; CPL 70.10 [1]).

The Supreme Court determined that the evidence presented by the People was insufficient to establish an element of the crime of enterprise corruption, i.e., that the defendant participated in a "pattern of criminal activity" (Penal Law § 460.20). We disagree and conclude that the evidence, if uncontradicted, was sufficient to warrant the defendant's conviction of the crime of enterprise corruption. In addition, we conclude that the evidence was legally sufficient to warrant the defendant's conviction, on an accessorial liability theory, of the crimes charged in counts 4 through 28 of the indictment. Accordingly, that branch of the defendant's omnibus motion which was to dismiss the indictment should have been denied in its entirety. O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.