■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FREDERIC C. CARPENTER, JR., Respondent. [702 NYS2d 228] —Carpinello, J. Appeal from an order of the County Court of Cortland County (Avery, J.), entered December 28, 1998, which, *inter alia*, partially granted defendant's motion to dismiss the indictment.

As a result of allegations that he had sexual contact with an 11-year-old girl on April 26, 1998, defendant was indicted for the crimes of sexual abuse in the second degree, rape in the second degree and endangering the welfare of a child. On this appeal, the People challenge County Court's dismissal of count two charging rape in the second degree (*see*, Penal Law § 130.30) on the ground that the Grand Jury evidence was legally insufficient to support the element of penetration (*see*,

CPL 210.20 [1] [b]). Upon our review of the victim's testimony before the Grand Jury, we are satisfied that it contains adequate proof of every element establishing the crime of rape in the second degree.

To be sure, legally sufficient evidence is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). In other words, the People need only present prima facie proof, not proof beyond a reasonable doubt (see, People v Deegan, 69 NY2d 976, 978-979; People v Mayo, 36 NY2d 1002, 1004). Additionally, the reviewing court must consider the evidence in a light most favorable to the People (see, People v Warner-Lambert Co., 51 NY2d 295, cert denied 450 US 1031; People v Miller, 210 AD2d 724). Measured by these principles, we are satisfied that the Grand Jury had before it legally sufficient evidence to support the indictment for rape in the second degree, namely, the element of penetration was adequately satisfied (see, Penal Law § 130.00 [1]).

The Grand Jury testimony of the victim established that defendant got on a couch behind her and began rubbing her vaginal area. The victim further testified that "he pulled my pants down and he stuck his finger up me. And then he pulled his penis out and he got on top of me and started moving up and down" (emphasis supplied). In response to the following question by the Assistant District Attorney, "Okay. When you say that he stuck his finger in you and then his penis, where did he stick it in you?" (emphasis supplied), the victim responded, "In my vagina area". The victim having already established that defendant stuck his finger "up" her, the clarification question by the Assistant District Attorney could reasonably be taken to refer to defendant's penis (or perhaps even both his finger and his penis but under no reading his finger only). Three questions later, the Assistant District Attorney asked, "After he was—he was done raping you, having sex with you, did he say anything to you?", to which the victim responded, "He said don't tell".

Viewing this testimony in a light most favorable to the People, competent evidence was presented to the Grand Jury that defendant's penis penetrated the victim's vagina and County Court therefore erred in dismissing the count of the indictment charging rape in the second degree.

Crew III, Peters and Graffeo, JJ., concur.

Mercure, J. P. (dissenting). I respectfully dissent and would affirm County Court's order for the reasons stated in the opinion of Judge Emerson R. Avery, Jr.

Ordered that the order is modified, on the law, by reversing so much thereof as granted the motion to dismiss the second count of the indictment; motion regarding said count denied, said count reinstated and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.