■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORNAN ANTOINE, Appellant. [759 NYS2d 874] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered November 5, 2001, convicting defendant, after a nonjury trial, of assault in the second degree (two counts), vehicular assault in the first degree (two counts), vehicular assault in the second degree (two counts), operating a motor vehicle while under the influence of alcohol (four counts), aggravated unlicensed operation of a motor vehicle in the first, second and third degrees, reckless endangerment in the second degree, endangering the welfare of a child (three counts), and unlawful possession of marijuana, and sentencing him to an aggregate term of 3 to 6 years and an aggregate fine of $2,500, unanimously affirmed.

The court's verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). The element of recklessness was established by evidence that defendant drove, while highly intoxicated, without headlights at night, and that he turned left without signaling and without yielding to an oncoming car within the intersection (see People v Gomez, 65 NY2d 9 [1985]; People v Nugent, 194 AD2d 984 [1993]; People v Moquin, 142 AD2d 347 [1988]). The evidence supports a finding that defendant's reckless conduct caused the collision; in this regard, the court could have reasonably rejected defendant's expert's conclusions. We have considered and rejected defendant's remaining arguments concerning the weight of the evidence.

We perceive no basis for reducing the sentence. Concur—Rosenberger, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.