OPINION OF THE COURT
Jospeh Kevin McKay, J.
*236 These defendants are the only ones now remaining in a multidefendant, multicount indictment brought by the New York State Attorney General, alleging larceny, insurance fraud and similar charges in a scheme to defraud certain insurance companies during the operation of a medical clinic, which treated no-fault patients. Their present application is deemed to be one for reargument of that part of this court’s decision and order of December 17, 2007 sustaining original count 55 (now count 45). Reargument is hereby granted and for reasons addressed infra the court now amends its decision and order in accordance with this opinion.
Defendants request the court to revisit the viability of the money laundering counts against these defendants (count 44 [originally 54 — Penal Law § 470.15 (1) (b) (ii) (A); (iii)];[1] count 45 [originally 55 — Penal Law § 470.15 (1) (b) (ii) (A); (iii)]) and for a dismissal of those counts or an order precluding proof of them by the prosecutor at trial, based upon United States v Santos (553 US —, 128 S Ct 2020 [2008]).
It is impossible for a trial court, faced with the imminent trial of an indictment for violations, inter alia, of a money laundering statute modeled on and very similar to its federal counterpart, to ignore the Santos decision. The Santos holding is that the rule of lenity requires that “proceeds” means and is limited to “profits” in the context of the federal criminal money laundering statute (18 USC § 1956 [a] [1] [A] [i]).[2]1 have decided to apply that holding to the instant Rozenberg indictment. Not only was the New York statute modeled on the federal statute, but it has been authoritatively stated that “federal case law to date should guide the interpretation of these [New York] stat *237 utes.”[3] The New York statute is identical to the federal statute in many important respects — notably in failing to define “proceeds” within the four corners of that statute. I have found that the references submitted by the Attorney General to legislative history and other statutes, such as ones concerning civil forfeiture, are insufficient to overcome the United States Supreme Court analysis and application of the rule of lenity in the money laundering context.[4] Federal and New York State civil forfeiture statutes have their own more expansive definition of proceeds — not found in the criminal statutes — and traditionally have had broader reach.
The peculiar facts of this case, at least as presented to the grand jury, favor dismissal with prejudice of these counts against AR Medical and Dr. Alexander Rozenberg and form an independent basis for the dismissal. Even with the broader definition of proceeds under which most federal and New York State prosecutors may have been proceeding pre-Santos, Dr. Rozenberg and AR Medical were two or three steps removed from the gravamen of this offense, the “washing” of monies, which was performed directly by defendant Kucherovsky, with the apparent knowledge and cooperation of defendant Polack.[5]
The prosecution’s theory that Dr. Rozenberg’s endorsements to the management companies of checks received by AR Medical amount to money laundering is too dependent on a string of inferences about which I now believe I was too deferential in allowing the grand jury to draw. (See People v Deegan, 69 NY2d 976 [1987].) The inferences are: (1) that all or at least a large portion of these receipts were the proceeds of specified criminal conduct, which is contradicted in part by evidence that bona fide patients with real injuries were being treated at the clinic; (2) that all or a substantial number of such endorsements themselves constituted discrete illegal financial transactions; and (3) that Rozenberg by such endorsements intended to conceal the source of these receipts. Both inferences (2) and (3) *238 are contradicted by the circumstances under which it was obvious that the management companies used much of these funds to pay expenses to run the clinic.
Upon further review of the grand jury presentation, prompted by this defense application under Santos, I have concluded that there was legally insufficient evidence to support the “intent to conceal” element of money laundering by Rozenberg. There was not a scintilla of direct evidence before the grand jury that Rozenberg knew what Polack and Kucherovsky did with those monies other than to run the clinic, which circumstance negates an intent to conceal. To impute knowledge to Rozenberg of concealment and money laundering by Kucherovsky and/or Po-lack was therefore too speculative and unwarranted.
An additional dubious inference regards the amounts of money involved. As the court’s December 17, 2007 decision shows, 19 of the larceny and insurance fraud counts had to be reduced because of a failure of proof to meet the monetary thresholds. It is true that in that same decision the court implicitly allowed the grand jury to infer that a significant portion of the clinic’s revenues could be considered proceeds subject to money laundering. However, it is one thing to extrapolate from the revenues of the “staged” accident victims and the overtreated patients to reach larger threshold sums; it becomes quite another to do so using “profits.” When the amounts of money are limited to “profits,” and here I refer back to my decision to follow Santos, and the defense has rightly argued that a “profit analysis” was never done in the grand jury, the inference drawn from these calculations to reach the required threshold monetary amounts becomes too speculative and untenable.
To the extent that my present ruling is inconsistent with the court’s earlier rulings on this subject, particularly portions of the court’s decision and order of December 17, 2007, I hereby rescind those rulings and amend the court’s decision and order of December 17, 2007 accordingly.
The new count 44 (originally count 54) remains dismissed and new count 45 (originally count 55) is hereby dismissed, with prejudice.

. By written decision and order of December 17, 2007 the court dismissed this previous count 54 because the one and only predicate felony for this count, enterprise corruption (Penal Law § 460.20 [1] [a]) was dismissed on the Attorney General’s motion. For the first time after that decision, on July 16, 2008, the Attorney General moved orally for that count to be restored and reduced to money laundering in the second degree on the ground that only this count included Mighty Management, L.L.C., as distinguished from the different management company charged in count 55, Mighty Management Group, Inc. I originally sustained count 55. Despite the delay I would grant the application were I not to dismiss all the money laundering counts.

. Contrary to the Attorney General’s argument, nothing in the Santos opinion suggests that the holding would be limited to the “promotion” subdivision of the statute and not apply to the “concealment” subdivision (18 USC § 1956 [a] [1] [B] [i]).

. See Donnino, 2008 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 470, 2008 Pocket Part, at 192.

. The rule of lenity has constitutional due process implications which, while not specifically invoked by the Supreme Court opinions in Santos, further support my ruling. (See United, States v Lanier, 520 US 259, 266 [1997].)

. Both these defendants have previously pleaded guilty. Kucherovsky pleaded guilty to money laundering in the third degree (Penal Law § 470.10 [1]) and was sentenced. Polack pleaded guilty to scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]) and insurance fraud in the third degree (Penal Law § 176.20) and is awaiting sentence.