The People of the State of New York,
against
Gabriel Hernandez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Tamiko A. Amaker, J.), rendered May 29, 2013, convicting him, upon his plea of guilty, of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Tamiko A. Amaker, J.) rendered May 29, 2013, affirmed.
The record establishes that defendant's plea was knowing, intelligent and voluntary. In full satisfaction of an accusatory instrument charging defendant with attempted assault in the third degree and harassment in the second degree, defendant pleaded guilty to a single count of second degree harassment, a violation, in return for a negotiated sentence of conditional discharge. In response to the court's questioning, defendant confirmed that he was pleading guilty of his own free will and that he wished to plead guilty because he was in fact guilty, and that he understood that he was giving up the right to a trial. A plea of guilty "will not be invalidated solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him ... a list of detailed waivers before accepting the guilty plea'" (People v Tyrell, 22 NY3d 359, 365, quoting People v Harris,61 NY2d 9, 16 [1983]).
Nor was the accusatory instrument jurisdictionally defective. Defendant's intent to "harass, annoy or alarm another person" (see Penal Law § 240.26) was readily inferable from defendant's admission that he "punched" the complainant (see People v Hernandez, 123 AD3d 615 [2014], lv denied 25 NY3d 1165 [2015]). That other, innocent inferences could be drawn from defendant's quoted statement that the punch was in self-defense "is irrelevant on this pleading stage inquiry" (People v Deegan, 69 NY2d 976, 979 [1987]).
In any event, the only relief defendant requests is a dismissal of the information, and he expressly requests that this Court affirm his conviction if it does not grant a dismissal. Since dismissal is not warranted, we affirm on this basis as well (see People v Diaz, 112 AD3d 423, [*2]424 [2013], lv denied 23 NY3d 1036 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur  I concur  I concur
Decision Date: January 20, 2017